UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MARTA ALICIA MEJIA, on behalf of )
  E.G.S., a minor, )
              Plaintiffs, )
              v. ) Civil Action No. 18-2096 (PLF)
U.S. IMMIGRATION AND CUSTOMS )
  ENFORCEMENT, et al., )
              Defendants. )

---

## MEMORANDUM OPINION AND ORDER

The matter is before the Court on the motion [Dkt. No. 20] of plaintiffs Marta Alicia Mejia and her great-grandson, E.G.S., to transfer venue to the United States District Court for the Southern District of California. Defendants – various federal agencies and officials responsible for enforcing immigration laws and regulations – oppose the motion. Upon careful consideration of the parties' written submissions, the relevant legal authorities, and the entire record in this case, the Court will deny the motion.[1]

---

[1] In connection with the pending motion, the Court has reviewed the following filings, including the exhibits attached thereto: Complaint ("Compl.") [Dkt. No. 1]; Plaintiffs' Motion for Temporary Restraining Order ("TRO Mot.") [Dkt. No. 2]; September 6, 2018 Order Granting Temporary Restraining Order ("Sept. 6, 2018 TRO Order") [Dkt. No. 3]; September 6, 2018 Hearing Transcript ("TRO Hr'g Tr.") [Dkt. No. 4]; Joint Status Report ("JSR") [Dkt. No. 10]; Plaintiffs' Motion for Preliminary Injunction ("PI Mot.") [Dkt. No. 11] and Memorandum in Support ("PI Mem.") [Dkt. No. 11-1]; Declaration of Rhina Martinez ("Martinez Decl.") [Dkt. No. 11-2]; Declaration of Marta Alicia Mejia ("Mejia Decl.") [Dkt. No. 13-1]; Defendants' Opposition to PI Motion ("PI Opp'n") [Dkt. No. 15]; Plaintiffs' Motion to Transfer Venue ("Transfer Mot.") [Dkt. No. 20]; September 25, 2018 Order Extending Temporary Restraining Order ("Sept. 25, 2018 TRO Order") [Dkt. No. 21]; Defendants' Opposition to Transfer Motion ("Transfer Opp'n") [Dkt. No. 22]; and Plaintiffs' Reply in Support of Transfer Motion ("Transfer Reply") [Dkt. No. 23].

I. BACKGROUND

After crossing the U.S.-Mexico border together on June 1, 2018, five-year-old E.G.S. and his sixty-year-old great-grandmother were detained and separated by border officials. See Compl. ¶ 22. Ms. Mejia asserts that she is the sole primary caregiver, legal guardian, and adoptive parent of E.G.S. See Compl. at 3 and ¶¶ 3, 16; Mejia Decl. ¶ 2. She explains that she took custody of E.G.S. shortly after he was born because he was born prematurely and required extensive medical care. See Compl. ¶ 17; Mejia Decl. ¶ 4; Martinez Decl. ¶ 3. The biological parents of E.G.S. have not been involved in his care. See PI Mem. at 2-3.

While she was detained in Texas, Ms. Mejia applied for asylum based on threats of violence she received from gang members in Honduras. See Compl. ¶ 26. Immigration authorities conducted a credible fear interview in connection with Ms. Mejia's asylum application on June 15, 2018. See id.; Mejia Decl. ¶ 20. After receiving a negative credible fear determination, Ms. Mejia was scheduled to be removed from the United States on September 7, 2018. See Compl. ¶ 28. Meanwhile, E.G.S. was initially placed with a foster mother in New York who allegedly abused him. See id. ¶ 29; Martinez Decl. ¶ 7. He was later released to the custody of Ms. Mejia's son and daughter-in-law in Texas. See Mejia Decl. ¶ 21; Martinez Decl. ¶¶ 1-5.

Plaintiffs brought suit on September 6, 2018 asserting nine causes of action: (1) Violation of Asylum Statute (Count I); (2) Due Process Violations Based on Punishment of Civil Detainee (Count II); (3) Substantive Due Process (Counts III and IV); (4) Administrative Procedure Act (Count V); (5) Petition for Habeas Corpus (Counts VI and VII); (6) Punitive Damages (Count VIII); and (7) Attorneys' Fees (Count IX). See Compl. at 9-14. On September 6, 2018, plaintiffs moved for a temporary restraining order to stop Ms. Mejia's removal

scheduled for September 7, 2018. See TRO Mot. Because plaintiffs filed the motion after business hours, the matter was referred to the scheduled motions judge, Judge Christopher R. Cooper, pursuant to Local Civil Rules 40.8(b) and 65.1(b). In light of the emergency nature of plaintiffs' request, Judge Cooper held an ex parte hearing that evening and issued a temporary restraining order prohibiting Ms. Mejia's removal pending further review by the merits judge. See Sept. 6, 2018 TRO Order. Ms. Mejia has been detained in Texas since then. See Mejia Decl. ¶ 1.

The case was reassigned to this Court on September 10, 2018. On September 14, 2018, plaintiffs moved for a preliminary injunction requiring the immediate reunification of Ms. Mejia and E.G.S. and an order enjoining defendants from removing Ms. Mejia without E.G.S. See PI Mot. at 1-2. Defendants filed an opposition on September 19, 2018. See PI Opp'n. The Court held a preliminary injunction hearing on September 25, 2018. Shortly before the hearing, plaintiffs filed the motion currently pending before the Court – a motion to transfer venue to the Southern District of California. See Transfer Mot.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district "[f]or the convenience of the parties and witnesses, in the interest of justice," so long as the transferee district is one where the case "might have been brought." See 28 U.S.C. § 1404(a). Section 1404(a) affords the Court broad discretion in determining whether transfer from one jurisdiction to another is appropriate. See Ravulapalli v. Napolitano, 773 F. Supp. 2d 41, 55 (D.D.C. 2011) (citing SEC v. Savoy Indus. Inc., 587 F.2d 1149, 1154 (D.C. Cir. 1978)). The decision to transfer is made based on an "individualized, case-by-case consideration of convenience and fairness." See Ravulapalli v. Napolitano, 773 F. Supp. 2d at 55 (quoting Van

Dusen v. Barrack, 376 U.S. 612, 622 (1964)); see also Aracely v. Nielsen, No. 17-1976, 2018 WL 3243977, at *6 (D.D.C. July 3, 2018). It is normally the defendant who moves for a change of venue. See 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3844 (4th ed. 2018). But where a plaintiff seeks to transfer venue from the forum that he or she has chosen to another district, "the burden should be at least as heavy on a plaintiff who seeks to change the forum originally chosen as it is when the defendant moves to transfer." See id. § 3848.

Determining whether transfer is appropriate under Section 1404(a) calls for a two-part inquiry. See Willis v. Chase Home Fin., 923 F. Supp. 2d 89, 92 (D.D.C. 2013). The Court must first ask whether the transferee forum is one where the action "might have been brought" originally. See id. (quoting 28 U.S.C. § 1404(a)); Aracely v. Nielsen, 2018 WL 3243977, at *7 (citing Van Dusen v. Barrack, 376 U.S. at 616-17). Where a party is able to establish the threshold requirement that the transferee court lies within a district where the action "might have been brought," the Court must then turn to step two, which requires the Court to determine whether the movant has shown that the "convenience of the parties and witnesses" and the "interest of justice" counsel in favor of transfer. See Willis v. Chase Home Fin., 923 F. Supp. 2d at 93; Aracely v. Nielsen, 2018 WL 3243977, at *7 (citing Trout Unlimited v. U.S. Dep't of Ag., 944 F. Supp. 13, 16 (D.D.C. 1996)).

## III. DISCUSSION

According to plaintiffs, Ms. Mejia is a member of the following class certified by Judge Dana M. Sabraw in Ms. L. v. U.S. Immigration & Customs Enforcement, 310 F. Supp. 3d 1133 (S.D. Cal. 2018): "All adult parents who enter the United States at or between designated ports of entry who (1) have been, are, or will be detained in immigration custody by the

4

[Department of Homeland Security ("DHS")], and (2) have a minor child who is or will be separated from them by DHS and detained in ORR custody, ORR foster care, or DHS custody, absent a determination that the parent is unfit or presents a danger to the child." See id. at 1139. Defendants maintain, however, that Ms. Mejia is not a member of the Ms. L. class because she is not E.G.S.'s "adult parent" for purposes of the class definition. See Transfer Opp'n at 4. To the extent that Ms. Mejia's membership in the Ms. L. class is an open question, plaintiffs ask the Court to transfer this case to the Southern District of California pursuant to 28 U.S.C. § 1404(a) for resolution by Judge Sabraw. See Transfer Mot. at 2. Defendants counter that transfer is inappropriate as a threshold matter because venue would be improper in the Southern District of California under 28 U.S.C. § 1391(e)(1). See Transfer Opp'n at 5.

The threshold question under Section 1404(a) is whether the transferee district – here, the Southern District of California – is a forum where this action "might have been brought" originally. See 28 U.S.C. § 1404(a). The federal venue statute applicable here, 28 U.S.C. § 1391(e)(1), provides that a civil action may be brought against a federal officer or employee acting in his or her official capacity "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . , or (C) the plaintiff resides if no real property is involved in the action." See 28 U.S.C. § 1391(e)(1). Unless the Court can fit this case into one of these three provisions, venue is improper in the Southern District of California.

As to the first and third inquiries, defendants correctly assert that none of the parties to this action reside in the Southern District of California, and plaintiffs present no evidence or argument to the contrary. Each defendant listed in the complaint is associated with an address either in Texas or in the District of Columbia. See Compl. at 1-2; E.V. v. Robinson,

5

200 F. Supp. 3d 108, 113 (D.D.C. 2016) ("In determining a defendant's residency under Section 1391(e), "[w]hat controls is the official residence of the federal defendant where the official duties are performed." (quoting Lamont v. Haig, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978))). See also Saravia v. Sessions, 280 F. Supp. 3d 1168, 1188 (N.D. Cal. 2017). As for plaintiffs, there is no dispute that both Ms. Mejia and E.G.S. are presently in Texas.

As to the remaining inquiry, plaintiffs have made no attempt to show that a "substantial part of the events or omissions giving rise to the claim" occurred in the Southern District of California. See 28 U.S.C. § 1391(e)(1)(B). The "substantial part" requirement limits venue to those districts in which "a considerable portion of the events took place." E.V. v. Robinson, 200 F. Supp. 3d at 113. In determining whether the "substantial part" requirement is met, courts undertake a "commonsense appraisal" of the "events having operative significance in the case." See id. (quoting Lamont v. Haig, 590 F.2d at 1134 n.62). Here, plaintiffs' claims are predicated on the allegedly unlawful separation of Ms. Mejia and E.G.S. and the improper adjudication of Ms. Mejia's asylum application. There is no dispute that Ms. Mejia and E.G.S. were separated near the border and detained in Texas. Ms. Mejia remains detained in Texas, while E.G.S. has been released to sponsors in Texas. Plaintiffs have made no attempt to argue that any relevant events, or the decisions underlying those events, were made in the Southern District of California.

In the absence of any evidence or arguments set forth by plaintiffs to the contrary, the Court must conclude that the requirements of 28 U.S.C. § 1391(e)(1) are not met and that transfer under Section 1404(a) therefore is inappropriate. The Southern District of California is simply not a forum where this action "might have been brought."

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that plaintiffs' motion [Dkt. No. 20] to transfer venue to the United States District Court for the Southern District of California is DENIED.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: October 1, 2018